UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          v.<br><br>LEON F. TEJADA,<br>          Defendant. | Criminal Case No. 15-110-S |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.     INTRODUCTION

On December 18, 2015, the defendant pled guilty to a five count Information which charged him with Preparing False Income Tax Returns(Count 1) in violation of 26 U.S.C. § 7206(2); and Wire Fraud (Counts 2-5) in violation of 18 U.S.C. § 1343.

The defendant has a total offense level of 16, a Criminal History Category of I, and a sentencing range of 21 to 27 months.  For all the reasons argued below, the government recommends a sentence of 21 months imprisonment, the lowest end of the applicable guideline range, which the government believes is fair and reasonable in light of all of the 18 U.S.C. § 3553(a)(1)-(7) sentencing factors.   The government is also seeking a restitution order in the amount of $79,427.00, three years supervised release, and a mandatory special assessment in the amount of $500.

### II.    FACTS

Leon F. Tejada is a former Providence City Councilman and former member of the State General Assembly.  For several years he operated a tax preparation service on Cranston Street in Providence, Rhode Island called El Centro Multiservicios, LLC ("El Centro").  Mr. Tejada executed two schemes that are the subject of the Information and his plea agreement.

The first scheme involved the preparation of false 1040 income tax returns on behalf of El Centro clients for the tax years 2009, 2010, 2011 and 2012.  Mr. Tejada

accomplished this by creating and falsifying his clients' dependents, exemptions, tax credits, deductions, and expenses, and by inflating and/or completely fabricating items on his clients' tax returns in some cases with, and in some cases without, their knowledge. The tax loss to the government from these false returns is $54,440.00.

The second scheme, a wire fraud scheme, involved the filing of accurate federal tax returns on behalf of clients but not before presenting the clients with falsified returns to make it appear that the client would be getting a smaller refund than they were entitled to. Mr. Tejada would have an unauthorized fee deducted from the client's return. Mr. Tejada would then use Refund Anticipation Loans ("RAL") drawn on and through Santa Barbara Tax Products Group, LLC to divert the difference between the two refunds into his bank account without his client's knowledge or consent. Mr. Tejada perpetuated his scheme during tax years 2009, 2010, 2011 and 2012. Tejada obtained at least $24,987 from this scheme.

In addition, Mr. Tejada had his Electronic Filing Identification Number ("EFIN") revoked by the IRS at the end of 2012. Undeterred, Mr. Tejada used the Preparer Tax Identification Numbers ("PTIN's") belonging to at least two other tax preparers, unbeknownst to his clients, to sign the 2012 Forms 1040 that Tejada prepared for them. Mr. Tejada and the government have agreed upon the amount of restitution due and owing, the amount of loss for purposes of the sentencing guidelines, and the applicability of certain guideline enhancements, all of which are contained in the signed plea agreement entered in this case.

## III. ARGUMENT

It is, of course, entirely within the discretion of the Court after considering the guidelines and the factors listed in 18 U.S.C. § 3553(a) (1)-(7), to fashion an appropriate sentence. U.S. v. Martin, 520 F.3d 87 (1st Cir. 2008).[1] The § 3553 factors in this case

---

[1] **(a) Factors to be considered in imposing sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth

counsel that a sentence of 21 months, the lowest end of the applicable guideline range, is reasonable and appropriate.  Here, considering the nature and circumstances of the offense, this is a fraud case where the defendant filed false tax returns on behalf of clients, and then, stole money from his clients by charging unauthorized fees by using his knowledge of the tax refund system, subterfuge, and the Refund Anticipation Loan process without his client's knowledge or consent.  The defendant also used his standing in the community and the trust placed in him by a mostly Spanish-speaking clientele who trusted him to handle their financial affairs to perpetrate his fraud.  Indeed, many of his letters of support underscore the trust that was placed in him and no doubt unintentionally, underscore the depth of his betrayal.  The PSR list 76 victims

---

in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider - -
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed - -
    (A)to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentence available;
 (4) the kinds of sentence and the sentencing range established for - -
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... ;
(5) any pertinent policy statement - -
    (A) issued by the Sentencing Commission ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (1)-(7).

3

(including couples) of the defendant's wire fraud scheme.

The defendant is 51 years-old and has a criminal history category of I. The defendant has a Bachelor's Degree from the Dominican Republic and an unverified history of education in the United States. The defendant is in arrears on his court ordered child support payments. To his credit, the defendant readily admitted the charged conduct and pled guilty to an Information.

Notwithstanding this acceptance of responsibility, the government still believes a jail sentence of 21 months is warranted. In the midst of tax season this Court sends an audible message to tax preparers and those in that industry, that they will be sentenced be to imprisonment if they violate the fiduciary duty that they owe their clients for their own benefit. Moreover, the fact that, even after the defendant's tax filing privileges were revoked by the IRS, he used the filing privileges of two other people to continue his fraudulent conduct, amplifies the severity of his crime and the need for a sentence commensurate with the offense. On balance, in the interest of just punishment, individual and general deterrence, and given the prolonged nature of the activity, a sentence at the low end of the applicable guideline range is reasonable and appropriate.

## IV.   CONCLUSION

For all the foregoing reasons, the United States submits that a sentence of 21 months imprisonment, a restitution order in the amount of $79,427.00, three years supervised release, and a mandatory special assessment in the amount of $500 is

reasonable and appropriate and no greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a)(1)-(7).

        Respectfully submitted,

        PETER F. NERONHA
        United States Attorney

        /s/ Richard W. Rose
        RICHARD W. ROSE
        Assistant U.S. Attorney
        United States Attorney's Office
        50 Kennedy Plaza, 8th Floor
        Providence, RI 02903
        401-709-5000 (office)
        401-709-5001 (facsimile)
        Email:  Richard.Rose@usdoj.gov

CERTIFICATION

I hereby certify that on the 8th day of March, 2016, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

/s/ Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 (office)
401-709-5001 (facsimile)
Email:  Richard.Rose@usdoj.gov